IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                              :

ILDEFONSO LUGO AYALA                :        CASE NO. 05-00139
ROSA V. VARGAS OLIVERAS             :        CHAPTER 13

    DEBTORS                         :

-------------------------------:

**FILED & ENTERED**

**0 3 NOV 2005**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER

Before this court is an "Urgent Motion in Opposition to Motion Requesting Voluntary Dismissal and/or Requesting Reconsideration of Voluntary Dismissal", submitted by Westernbank Puerto Rico ("Westernbank"), which we grant for the reasons stated below.

### Background

Debtors filed their third petition for bankruptcy on January 10, 2005. Westernbank objected to the confirmation of the proposed plan and asked for a dismissal with prejudice, or in the alternative, to enjoin Debtors from filing another petition for at least one year. Meanwhile, Debtors requested the dismissal of the case. We granted Debtors' request without considering Westernbank's motion.

Westernbank then filed the motion now before us. Here, they claim Debtors did not notify the request for a voluntary dismissal and ask that the order granting this motion be set aside, or that the dismissal be amended to provide a bar for refiling of one year.

On July 7, 2005, we ordered Debtors to reply, apprising them that if no timely response was filed, the order of dismissal would be vacated and set aside and Westerbank's motion would be scheduled



2

for hearing. They did not reply. We vacated the dismissal and scheduled Westernbank's motion to be heard on October 4, 2005. Debtors did not appear at the hearing and we took the matter under advisement.

## Discussion

There is no question that both parties want this case dismissed. The only remaining question is whether we are authorized by law to grant the one year bar for refiling.[1]

The majority of the courts, including those of the First Circuit, interpret Code section 349(a) as allowing the court to bar future filings for more than 180 days. 11 U.S.C. § 349(a), 3 Collier on Bankruptcy, ¶ 349.02[3], pp. 349-11; In re Fleury, 294 B.R. 1, 8-9 (Bankr. Mass. 2003); In re Ortiz, 200 B.R. 485 (Dist. P.R. 1996); Casse v. Key Bank National Association, 198 F. 3d 327 (2nd Cir. 1999).

The undisputed facts in this case show Debtors filed this third petition for bankruptcy just two days prior to the scheduled public auction in the case of Westernbank Puerto Rico v. Ildefonso Lugo Ayala filed in the local courts. The collection of money and



---

[1] Section 109 of the code states:
  Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
    (2) ...
11 U.S.C. §109(g).

3

foreclosure of mortgage had been pending since December 7, 2001. As of February 2, 2005, Debtors owed Westernbank 40 monthly installments accrued pre petition, and two post petition payments. Debtors never replied to our order of July 12, 2005, and did not appear at the hearing scheduled to consider this motion. Hence, it is fair to conclude that under the "totality of the circumstances test", the only reason Debtors filed this third case was to forestall the public auction of the realty authorized by the local court. Thus, this serial filing was not in good faith.

WHEREFORE, this case is dismissed, and Debtors are enjoined from filing another petition for bankruptcy relief under 11 U.S.C. ¶¶ 101 et seq., in any court with personal and subject matter jurisdiction for the next 365 days.

**SO ORDERED**, in San Juan, Puerto Rico, on November 2, 2005.

SARA DE JESUS
U.S. BANKRUPTCY JUDGE